IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BILLY TYLER, | ) | |
| | ) | |
| Petitioner, | ) | 4:07cv3072 |
| | ) | |
| vs. | ) | ORDER on INITIAL REVIEW |
| | ) | and |
| ROBERT HOUSTON,[1] | ) | ORDER to SHOW CAUSE |
| | ) | |
| Respondent. | ) | |

This matter is before the court for initial review of the Petition for Writ of Habeas Corpus filed by the petitioner, Billy Tyler. Also before the court is filing no. 2, the petitioner's Application for Leave to Proceed In Forma Pauperis ("IFP"). Filing no. 2 is granted, subject to the court's receipt of the petitioner's trust account information verifying his financial eligibility for IFP status.[2]

The petitioner has almost completed serving a sentence in the custody of the Nebraska Department of Correctional Services ("DCS"). However, he alleges that on March 13, 2007, DCS officials brought him, in chains, before a Judge of the District Court of Lancaster County, Nebraska, to be arraigned on a charge of making terroristic threats in a letter sent to a member of the Nebraska Board of Parole. The petitioner states that his constitutional rights have been violated because the letter did not meet the elements of the charged offense, and his First Amendment freedoms are at stake.

---

[1] The court, sua sponte, substitutes Robert Houston, Director of DCS and the plaintiff's present custodian, as the proper respondent. The Clerk of Court shall modify the court's records accordingly.

[2] The Clerk of Court has requested the appropriate financial information from the plaintiff's institution (filing no. 4).

1

Because the petitioner has filed this habeas corpus action prior to conviction while criminal charges are pending in a state court, he may not invoke 28 U.S.C. § 2254, which applies only to postconviction.  28 U.S.C. § 2254 affords relief to a petitioner "in custody pursuant to the judgment of a State court."   However, 28 U.S.C. § 2241(c) permits this court to entertain an application for a writ of habeas corpus by a person in custody, but not yet convicted or sentenced.

28 U.S.C. § 2241 does not contain the same statutory requirement of exhaustion of judicial remedies[3] before suit as does 28 U.S.C. § 2254.  Nevertheless, the U.S. Supreme Court has made it clear that in the interest of comity, district courts ordinarily should not exercise habeas corpus jurisdiction unless the petitioner has first exhausted state-court remedies.  See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 489-92 (1973).  It is well-settled that a writ of habeas corpus cannot be used to "permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court."  Braden v. 30th Judicial Circuit Court, 410 U.S. at 493.  "[W]here a state pretrial detainee raises claims which would be dispositive of the underlying criminal charges, federalism principles dictate that the federal court decline review until the petitioner has exhausted the claims at the upcoming criminal trial."  Id. at 489.   In fact, a federal court generally may not interfere in ongoing state criminal proceedings at all.  Younger v. Harris, 401 U.S. 37 (1971).

Thus, the petitioner's claims and defenses must usually be directed in the first instance to the state court in which the case in question is presently pending.  A petitioner

---

[3]See 28 U.S.C. § 2254(b).

may (and should) make his challenges within the context of his criminal case, seek appellate review all the way through the state court system to the highest court, and then, if necessary, return to the federal district court for habeas corpus consideration. It would seem, therefore, that the Petition for Writ of Habeas Corpus in this case is premature, and that pretrial habeas interference by this court in the state criminal proceedings is not authorized. However, before taking any action, I would like to hear from the parties.

THEREFORE, IT IS ORDERED:

1.  That the Clerk of Court shall mail copies of the petition to the respondent and to the Nebraska Attorney General by regular first-class mail;

2.  That within twenty (20) days of the date of this Order, the petitioner shall show cause why this case should not be dismissed, without prejudice, so that he can exhaust his habeas claims in the state courts;

3.  That within twenty (20) days from the date the petitioner's response to this Order is filed, the respondent shall reply to the petitioner's response.

DATED this 21st day of March, 2007.

BY THE COURT:

s/Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge